UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDON SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00966-TWP-DKL |
| | ) | |
| KISTNER OFFICER, IMPD, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff's motion for leave to proceed *in forma pauperis* [Dkt. 2] is **granted**.

**II.**

Because the plaintiff has sought and has been granted *in forma pauper* status, his complaint must be assessed under the standard established in 28 U.S.C. § 1915(e)(2). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief." *Id.* To state a claim upon which relief must be granted, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted).

Based on the foregoing screening, the complaint must be **dismissed**. Mr. Savage's complaint against Officer Kistner alleges the following:

> He told me I would Be Going to Jail if can 911 for mental Health issues and hope call me fag, and that He would kill I f Did I myself. B c p I was Dump Ass.

A complaint is required by Rule 8(a)(2) of the *Federal Rules of Civil Procedure* to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." It has been noted that "dismissal of a complaint on the ground that it is unintelligible is unexceptionable." *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001). To the extent that the complaint is legible, it asserts merely threats and verbal abuse. This behavior is insufficient to state a claim of a violation of a federal right.

### III.

For the foregoing reasons, the complaint is **dismissed**. The plaintiff shall have **through August 8, 2015**, in which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 7/10/2015

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRANDON SAVAGE
520 E. MARKET STREET
INDIANAPOLIS, IN 46202